Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000020
11-OCT-2011
08:02 AM

NO. CAAP-10-0000020


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ALBERT G. ARANETA, JR., also known as Chico,
Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 09-1-0009)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Albert G. Araneta, Jr., also known as Chico, (Araneta) appeals from the judgment of conviction and sentence entered on August 23, 2010 in the Circuit Court of the First Circuit (circuit court).[1] After a jury trial, the circuit court convicted Araneta of one count of Continuous Sexual Assault of a Minor Under the Age of Fourteen Years, in violation of Hawaii Revised Statutes (HRS) § 707-733.5 (Supp. 2006),[2] and

---

[1]     The Honorable Richard W. Pollack presided.

[2]     HRS § 707-733.5 provides in relevant part:

> **Continuous sexual assault of a minor under the age of fourteen years.** . . . (1) Any person who:
>
> (a)     Either resides in the same home with a minor under the age of fourteen years or has recurring access to the minor; and
>
> (b)     Engages in three or more acts of sexual penetration or sexual contact with the minor over a period of time, but while the minor is

(continued...)

sentenced him to imprisonment for a term of twenty years and the payment of $800 in restitution and a crime victim compensation fee.

On appeal, Araneta argues that the circuit court (1) wrongly admitted into evidence at trial State's Exhibit 1, a photo of the complainant (Complainant), where the photo was irrelevant, unduly prejudicial, and unaccompanied by a limiting instruction to the jury; (2) erred in permitting expert witness Dr. Alexander J. Bivens (Dr. Bivens) to testify about terminology, behaviors, relationship characteristics, and post-abuse impacts in child sexual abuse cases, subjects which were irrelevant to the case; and (3) erred in failing to instruct the jury on how it should consider Dr. Bivens's testimony about delayed disclosure, methods of initiating child sexual abuse, signs indicative of abuse, and triggers to disclosure.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Araneta's points of error as follows:

(1) The circuit court did not abuse its discretion in admitting State's Exhibit 1 into evidence.

(a) State's Exhibit 1 was relevant to show that Araneta would have known Complainant was under the age of fourteen, an element of the offense, at the time the offense allegedly occurred and to show Complainant's appearance at the

---

[2](...continued)
under the age of fourteen years,

is guilty of the offense of continuous sexual assault of a minor under the age of fourteen years.

(2) To convict under this section, the trier of fact, if a jury, need unanimously agree only that the requisite number of acts have occurred; the jury need not agree on which acts constitute the requisite number.

. . . .

(4) Continuous sexual assault of a minor under the age of fourteen years is a class A felony.

time the offense began. HRS § 707-733.5; Hawaii Rules of Evidence (HRE) Rules 401 & 402. The relevance of the evidence, a typical family photo, was not outweighed by a danger of unfair prejudice. HRE Rule 403.

(b) The circuit court did not err by failing to give the jury a limiting instruction with regard to the photo. HRE Rule 105 provides that the court shall give such an instruction upon request. HRE Rule 105. Araneta did not request a limiting instruction, and we find no authority for the notion that the State had the burden of requesting one or the court had a duty to give one *sua sponte*. Given the parties' closing arguments regarding the purpose and scope of the evidence, as well as the court's instruction to the jury to "not be influenced by pity for the defendant or by passion or prejudice against the defendant" and to dispassionately consider and weigh the evidence in the case, the parameters within which the jury was to consider State's Exhibit 1 should have been clear. State v. Mars, 116 Hawai'i 125, 135, 170 P.3d 861, 871 (App. 2007).

(2) The circuit court did not abuse its discretion in permitting Dr. Bivens to testify about terminology, behaviors, relationship characteristics, or post-abuse impacts in sex abuse cases because the testimony was relevant and not unduly prejudicial. HRE Rules 401, 402, & 403. See Mars, 116 Hawai'i at 140, 170 P.3d at 876); State v. Batangan, 71 Haw. 552, 556-57, 799 P.2d 48, 51 (1990).

(3) The circuit court did not err in failing to give the jury a limiting instruction regarding Dr. Bivens's testimony on delayed disclosure. The testimony clearly was relevant to why Complainant failed to disclose the sexual abuse until she was older and made it less probable that she was making up the allegations against Araneta, HRE Rule 401 & 402, and did not directly address Complainant's credibility. See Mars, 116 Hawai'i at 140-41, 170 P.3d at 876-77.

(4) Araneta provides no argument for his point that the circuit court erroneously failed to instruct the jury on how

3

it should consider Dr. Bivens's testimony about methods of initiating child sexual abuse, signs indicative of abuse, and triggers to disclosure.  Consequently, this point is waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(7).

Therefore,

IT IS HEREBY ORDERED that the judgment of conviction and sentence entered on August 23, 2010 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, October 11, 2011.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Presiding Judge

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge